**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

_____

ANWAR M. ABDI,                                          Civil No. 12-2048 (ADM/JJK)

      Plaintiff,

v.                                                                       **REPORT AND RECOMMENDATION**

HILLARY R. CLINTON, and
TIMOTHY GEITHNER

      Defendants.
_____

This matter is before the undersigned United States Magistrate Judge on Plaintiff's application for leave to proceed in forma pauperis, ("IFP"), as permitted by 28 U.S.C. § 1915(a)(1). (Docket No. 2.) The matter has been referred to this Court for report and recommendation under 28 U.S.C. § 636 and Local Rule 72.1. For the reasons discussed below, it is recommended that Plaintiff's IFP application be denied, and that this action be summarily dismissed, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

## I. BACKGROUND

Plaintiff is attempting to sue two Defendants in this case – Hillary R. Clinton, the United States Secretary of State, and Timothy Geithner, the United States Secretary of the Treasury. The substantive allegations set forth in the "Statement of Claim" section of Plaintiff's complaint, repeated verbatim and in their entirety, are as follows:

"(1) Importation of Guest Workers to protect 'Private Trusts'

(2) Contracting private Nazi armies to kill Americans

(3) Voting Rights Act 1965 violations

(4) Creed based bias against country of Somalia."

(Complaint, [Docket No. 1], p. 4, ¶ 7.)

Based on these few cryptic allegations alone,[1] Plaintiff is seeking legal redress described as follows:

> "De-register private Nazi armies such as Dyncorp and physical solutions from Minnesota. Damages: $5,000,000."

(Id. p. 4, "Request for Relief.")

## II. DISCUSSION

An IFP application will be denied, and the action will be dismissed, when the plaintiff has filed a complaint that fails to state a claim on which relief can be granted. 28 U.S.C. § 1915(e)(2)(B)(ii); Atkinson v. Bohn, 91 F.3d 1127, 1128 (8th Cir. 1996) (per curiam).

To state an actionable claim for relief, a plaintiff must allege a set of specific historical facts, which, if proven true, would entitle the plaintiff to some redress against the named defendant(s) under some cognizable legal theory. See Martin v. Aubuchon, 623 F.2d 1282, 1286 (8th Cir. 1980) (although federal courts must "view pro se pleadings liberally, such pleadings may not be merely conclusory: the complaint must allege facts, which if true, state a claim as a matter of law"). "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1950 (2009). The facts supporting a plaintiff's claims must be clearly alleged. Federal courts are not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint."

---

[1] Plaintiff's complaint is accompanied by an unexplained collection of miscellaneous documents. However, none of those documents provides any factual allegations that could support any claim for relief against either of the named Defendants.

2

Stone v. Harry, 364 F.3d 912, 915 (8th Cir. 2004).

The Court finds that Plaintiff's current complaint fails to state any actionable claim for relief, because it does not allege any specific historical facts that could entitle Plaintiff to any judgment against either of the named Defendants under any conceivable legal theory. The complaint does not describe anything that either Defendant did (or failed to do) that could be viewed as a violation of the "Voting Rights Act of 1965," or any other federal law or doctrine.

A complaint fails to state a cause of action if it does not allege "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). Plaintiff's current complaint does not meet this standard. Again, Plaintiff has not described any facts that could entitle him to any legal redress against the named Defendants (or anyone else) under any legal theory. Thus, the Court finds that Plaintiff's complaint fails to state a cause of action on which relief can be granted.

Because Plaintiff has not pleaded an actionable claim for relief, the Court must recommend that his IFP application be denied, and that this action be summarily dismissed, pursuant to § 1915(e)(2)(B)(ii).

## III. RECOMMENDATION

Based upon the foregoing and all of the files, records and proceedings herein,

IT IS HEREBY RECOMMENDED that:

1. Plaintiff's application to proceed in forma pauperis, (Docket No. 2), be **DENIED**;

2. This action be summarily **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

Dated: August 23, 2012

         *s/ Arthur J. Boylan*
         ARTHUR J. BOYLAN
         United States Magistrate Judge

Pursuant to Local Rule 72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court, and by serving upon all parties, written objections which specifically identify the portions of the Report to which objections are made and the bases for each objection. This Report and Recommendation does not constitute an order or judgment from the District Court and it is therefore not directly appealable to the Circuit Court of Appeals. Written objections must be filed with the Court before **September 7, 2012**.